UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOIS WILLOW ALLEN,

               Plaintiff,

v.

CHAPEL BY THE SEA, et al.,

               Defendants.

CASE NO. C18-0026JLR

ORDER DISMISSING ACTION

## I.    INTRODUCTION

Before the court are (1) *pro se* Plaintiff Lois Willow Allen's complaint against various defendants (Compl. (Dkt. # 4)), and (2) Magistrate Judge Brian A. Tsuchida's order granting Ms. Allen *in forma pauperis* ("IFP") status and recommending that the court review Ms. Allen's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 3) at 1); and (3) Ms. Allen's motion to appoint counsel (MTA (Dkt. # 6)). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious,

fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that "section 1915(e) applies to all [IFP] complaints," not just those filed by prisoners). As discussed below, Ms. Allen's complaint falls within the category of pleadings that the court must dismiss. Additionally, the court concludes that Ms. Allen has not met her burden of establishing exceptional circumstances that warrant the appointment of counsel. Thus, the court denies her motion to appoint counsel.

## II.　BACKGROUND

Ms. Allen purports to bring suit against several entities, including: Defendants Chapel by the Sea, Justus Cafe, and the United States of America (collectively, "Defendants"). (*See generally* Dkt.; *see also* 1st Brief in Support (Dkt. # 1-2); 2d Brief in Support (Dkt. # 1-3); Plea (Dkt. # 5).) However, Ms. Allen expressly names only the United States as a defendant in her complaint. (*See* Compl.) On that basis, Ms. Allen alleges that the court has subject matter jurisdiction over all of her claims. (Civil Cover Sheet (Dkt. # 1-7).) Ms. Allen spends over 200 pages alleging a multitude of complaints against Chapel by the Sea, a church in Anchorage, Alaska, for purported violations of its 26 U.S.C. § 501(c)(3) tax-exempt status and "standards of other laws not followed." (*See* 1st Brief in Support at 2; 2d Brief in Support); 26 U.S.C. § 501(c)(3). In addition, Ms. Allen claims that Justus Cafe, a cafe connected to the King County Superior Courthouse in Seattle, Washington, is "part of [a] nationwide attack on persons of color, persons of religious beliefs, and persons of female gender," though she fails to

1 | specify any discriminatory acts. (Plea at 1-11.) Finally, Ms. Allen appears to petition the
2 | court to take over the guardianship of Stewart Herron, who allegedly is under the care of
3 | a Guardian Ad Litem. (*See* Plea at 44-70.)

### III. ANALYSIS

**A. Section 1915 Review**

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it presents an inarguable legal conclusion or fanciful factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although an IFP complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). An IFP complaint must also contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a). The court concludes that Ms.

Allen's claims are frivolous and that she fails to state a claim on which relief may be granted.

Because Ms. Allen is a *pro se* plaintiff, the court must construe her pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). The only legal claim Ms. Allen mentions—without explanation—in her complaint is "Criminal Trespassing." (*See* Compl. at 6.) Conversely, Ms. Allen describes her causes of action on her civil cover sheet as "Invasion of Privacy, Slander, Stalking, Sabotage, unjust domineering, The Church did err, [and] the government is not fair," also without any explanation. (Civil Cover Sheet.) And Ms. Allen's motion to appoint counsel says that she "seeks relief under federal statutes protecting civil rights." (MTA at 1.) These allegations are not sufficiently supported by Ms. Allen's myriad and disparate supporting documents. Nor do Ms. Allen's 320 pages of pleadings support her discrimination accusations against Justus Cafe. Ms. Allen also fails to explain, among other things: how her disparate allegations against the unconnected Defendants are related such that the court should hear these claims together; the basis of this court's subject matter jurisdiction over the claims regarding Chapel by the Sea, Justus Cafe, or Mr. Herron; whether Ms. Allen has standing to challenge Chapel by the Sea's tax-exempt status; and why this court is the proper venue for the claims against a church located in Alaska. In short, Ms. Allen does not state a cognizable legal claim against any Defendant. (*See* Compl.; 1st Brief in Support; 2d Brief in Support; Plea.) The facts alleged do not rise above the level of the irrational or the wholly incredible, *Denton*, 504 U.S. at 33, or "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. Therefore, the

court finds that Ms. Allen's complaint must be dismissed because it is frivolous and fails to state a claim.

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). "A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976)). Ms. Allen's complaint does not even recite bare legal conclusions: the complaint merely says, "Criminal Trespassing" without any supporting facts. (Compl. at 6.) For injuries, Ms. Allen only writes, "Multiple." (*Id.* at 7.) And nothing in Ms. Allen's voluminous pleadings supports her claim, let alone provides the court the ability to liberally construe a claim in her favor. On this basis, the court does not grant Ms. Allen leave to amend because it is "absolutely clear" that no amendment could cure the defects in Ms. Allen's complaint.[1] *Lucas*, 66 F.3d at 248; *see Wilson v. Vannoy*, Civil No. 14-387-JJB-SCR, 2015 WL 500494, at *1 (M.D. La. Feb. 4, 2015) (dismissing IFP complaint pursuant to § 1915(e)(2)(B)(i) without leave to amend

//

//

---

[1] The court also notes that this is the third case Ms. Allen has filed in the Western District of Washington since September 25, 2017. The first case was dismissed for improper venue. *Allen v. Catholic Soc. Servs.*, No. C17-1451MJP (W.D. Wash. Oct. 19, 2017) (order dismissing action). The second case was dismissed because the complaint was frivolous and failed to state a claim on which relief may be granted. *Allen v. The Persons Who Access My Personal Neurons*, C17-1595JCC (W.D. Wash. Nov. 6, 2017) (order dismissing action).

"because there is no conceivable, non-frivolous . . . claim [plaintiff] could assert against the defendants consistent with the facts alleged in his complaint").

**B.     Motion to Appoint Counsel**

Ms. Allen requests that the court appoint counsel to assist her with this case. (MTA at 1.) This District has implemented a plan for court-appointed representation of civil rights litigants. The plan requires the court to assess a plaintiff's case before forwarding it to the Pro Bono Screening Committee for further review and possible appointment of pro bono counsel. *See* General Order, August 1, 2010, Section 3(c) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). In its initial assessment, the court evaluates both the merits of the case and the plaintiff's financial eligibility. *Id.* Only in "exceptional circumstances," after evaluating the "likelihood of success on the merits" and "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved," may the court designate counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The plaintiff seeking counsel bears the burden of demonstrating these exceptional circumstances. *Brogdon v. City of Phoenix Police Dep't*, No. CV-11-01389-PHX-RCB(MEA), 2013 WL 3155116, at *1 (D. Ariz. June 19, 2013).

The court concludes that Ms. Allen's submissions do not support referring her case to the Pro Bono Screening Committee for further review, nor does Ms. Allen establish the exceptional circumstances that warrant appointing counsel. Ms. Allen makes no argument as to the likelihood of success on the merits of her claims (*see* MTA), and after the court's independent review, the court cannot say that her claims are likely to

succeed, *see supra* § III.A.  Moreover, Ms. Allen makes no showing that this case is complex.  (*See* MTA.)  That Ms. Allen might find it "difficult to articulate h[er] claims *pro se*" is insufficient to demonstrate that her case involves complex legal issues.  *See Wilborn*, 789 F.2d at 1331.  Ms. Allen satisfies neither factor necessary to establish the exceptional circumstances that warrant appointment of counsel.  Accordingly, the court denies Ms. Allen's motion to appoint counsel.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Allen's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court also DENIES Ms. Allen's motion to appoint counsel (Dkt. # 6).

Dated this 19th day of January, 2018.

JAMES L. ROBART
United States District Judge